Filed 7/15/26  P. v. Sermeno CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ANTHONY LEE ALTAMIRANO SERMENO,<br>　　　　Defendant and Appellant. | C103450<br><br>(Super. Ct. No. 24CF04525) |

Appointed counsel for defendant Anthony Lee Atamirano Sermeno has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1975) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In August 2021, K.M. engaged in the act of oral copulation with defendant multiple times.  In December 2021, E.L. engaged in the act of oral copulation with defendant multiple times.

In November 2024, defendant was charged with two counts of participating in an act of oral copulation with K.M (Pen. Code, § 287, subd. (b)(1); counts 1 and 2, statutory section citations that follow are to the Penal Code) and two counts of oral copulation with E.L. (§ 287, subd. (b)(1); counts 3 and 4).  Defendant was also charged with furnishing

1

cannabis to a minor over 14 years old (Health & Saf. Code, § 11361, subd. (b); count 5) and resisting a peace officer (§ 148, subd. (a)(1); count 6).

On January 2, 2025, defendant pleaded no contest to counts 1 and 3. On the People's motion, the trial court dismissed the remaining charges with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.)

On January 2, 2025, defendant submitted a pro. per. peremptory challenge to the trial judge under Code Civil Procedure section 170.6, which the court struck as untimely on January 9, 2025.

On January 10, 2025, defendant filed a pro. per. motion to withdraw the plea claiming evidence established his innocence and defense counsel was ineffective. At a hearing on January 30, 2025, defendant told the trial court he did not want to withdraw his plea and he was satisfied with his attorney.

On February 4, 2025, the trial court ordered a psychological or psychiatric evaluation under section 1203.067 to determine whether defendant would pose a threat to the victim if placed on probation. (§ 1203.067, subd. (a) [probation procedures for sex offenders, including appointment of psychiatrist or psychologist under section 288.1 to consider threat to victim and defendant's potential for positive response to treatment]; § 288.1 [psychiatrist's report regarding defendant's condition required to grant probation to defendant convicted of child molestation].) The court appointed a doctor to conduct a mental examination to determine if defendant would benefit from sex offender therapy. The court required the report to be delivered to the court and the parties by March 6, 2025.

At the sentencing hearing on March 6, 2025, the trial court stated it had read and considered the probation report, the section 288.1 report filed on March 5, 2025, and numerous written communications from defendant and others. The court also reviewed certified records of defendant's prior convictions and the plea form reflecting a *Harvey* waiver and stipulations and waivers regarding aggravating and mitigating factors.

The trial court stated defendant was eligible for probation only in an unusual case under section 1203, subdivision (e)(4). The court reviewed the unusual case criteria under California Rules of Court, rule 4.413 (all further rule references are to California Rules of Court). Finding that none applied, the court denied defendant probation.

The court reviewed section 1170, subdivision (b)(6) factors and found defendant had experienced psychological, physical or childhood trauma, including but not limited to abuse, neglect, exploitation, or sexual violence, which was a contributing factor in the commission of the offenses. The court accordingly considered imposition of the low term but found it would not be in the interest of justice because aggravating factors outweighed mitigating factors. In mitigation, the court considered the trauma defendant experienced (rule 4.423(b)(3)). In aggravation, the court found defendant's prior convictions as an adult were numerous or of increasing seriousness (rule 4.421(b)(2)), defendant served a prior prison term (rule 4.421(b)(3)), he was on mandatory supervision when the crime was committed (rule 4.421(b)(4)), and his performance on probation and post-release community supervision was unsatisfactory (rule 4.421(b)(5)).

The trial court imposed the upper term of three years on count 1 and one-third the middle term on count 3 consecutive, for a total state prison sentence of three years eight months. The court stated it chose the upper term "in light of the two separate victims, multiple incidents, and long criminal history." The court imposed mandatory minimum fines and fees, plus a fine of $300 under section 290.3 with penalties, surcharges, and assessments totaling $1,170 for each count. The court credited defendant with 127 actual days and 126 conduct days for a total of 253 days of precustody credit.

Defendant filed a timely notice of appeal. The trial court granted defendant's request for a certificate of probable cause.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  We have not received any communication from defendant.  We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.

/s/ _____
HULL, J.

We concur:

/s/ _____
EARL, P. J.

/s/ _____
RENNER, J.

4